IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RALPH LIGHTFOOT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case Nos. 78-cv-2095-MJR |
| vs. | ) 73-238-E |
| | ) |
| DANIEL WALKER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Raymond Serio, an inmate in the custody of the Illinois Department of Corrections and currently housed at Menard Correctional Center, is before the Court seeking to intervene in this class action in order to enforce a 1980 consent decree (*see* Docs. 2, 6, 7).[1] Ultimately, Plaintiff seeks declaratory, injunctive, and monetary relief for a variety of present conditions at Menard which allegedly violate his constitutional rights (including healthcare).

## Background

In 1973, inmates housed in segregation at Menard filed suit in this Court against the State of Illinois under 42 U.S.C. § 1983: *Lightfoot v. Walker*, Case Nos. 73-238 and 78-2095 (S.D. Ill.). *See Lightfoot v. Walker*, 826 F.2d 516, 517 n.1 (7th Cir. 1987) (recognizing that Defendant Walker, then governor of Illinois, was sued in his official capacity, in

---

[1] The citation to Docs. 2, 6, 7 refers to the newly CM-ECF case file, not the original case file, which was administratively closed February 16, 1990, and sent to the Federal Records Center. The docket sheet for the original case file is at Doc. 1 in the new CM-ECF case file.

effect making this a suit against Illinois). The original complaint pertained to the living conditions in Menard's Segregation Unit which, but it was eventually expanded to encompass prison-wide conditions of confinement. *Lightfoot v. Walker*, Case Nos. 73-238 and 78-2095 (S.D. Ill. Order Mar. 5, 1976, Order Dec. 23, 1976); *Lightfoot v. Walker*, 486 F. Supp. 504, 505-06 (S.D. Ill. 1980).

The Court certified a class of "all individuals who have been since May 1, 1973, are presently *or will in the future be incarcerated in the Menard Correctional Center*." *Lightfoot v. Walker*, Case Nos. 73-238 and 78-2095 (S.D. Ill. Order Dec. 23, 1976) (emphasis added)). These inmates were authorized to maintain this suit in their own behalf and for purposes of declaratory and injunctive relief. *Id*.

Following a trial, in 1980 Judge Foreman entered an order enjoining "the defendants, their agents, successors in office and all persons acting in concert or participation with them" from a wide variety of conduct, including healthcare, cell conditions, food services, exercise and overcrowding. *Lightfoot v. Walker*, 486 F. Supp. at 526-29. The State was directed to come up with a plan to address the deficiencies found by Judge Foreman, and a Special Master was appointed to assist the Court in addressing the delivery of healthcare services. *Id.*; *Lightfoot v. Walker*, Case Nos. 73-238 and 78-2095 (S.D. Ill. Order Feb. 19, 1980). Judge Foreman retained "jurisdiction of this cause for purposes of enforcing this order and for entering any and all additional orders deemed necessary to implement the effect and intent of this decree." *Id*.

The Court of Appeals stated in 1987 that, "[b]y November 1984, the state had substantially complied with the remedial order." *Lightfoot v. Walker*, 826 F.2d at 517. In

1990, Judge Foreman—noting that this prior case had "been settled in principle"—determined that "there is no need to keep an active docket on this case" and directed the Clerk of Court to "close [the] case for statistical purposes[.]" *Lightfoot v. Walker*, Case Nos. 73-238 and 78-2095 (S.D. Ill., Feb. 16, 1990). However, the order noted that "the parties may reopen this case for good cause shown." *Id.*

Eighteen years later, in *Parker, et al., v. Walker*, Case No. 08-cv-130-GPM (S.D. Ill. 2008), inmates at Menard attempted to resurrect the *Lightfoot* class action case. The plaintiffs in *Parker* sought declaratory and injunctive relief, as well as monetary damages. Judge Murphy declined to reopen *Lightfoot* and dismissed *Parker*. *Parker*, Case No. 08-cv-130-GPM (S.D. Ill. Order dated Sept. 8, 2008). Judge Murphy observed that *Lightfoot* had been settled and closed, and that the parties' longtime silence amounted to acquiescence. *Id*. It was further observed that in seeking monetary damages, the plaintiffs in *Parker* were really seeking to supersede *Lightfoot*, not reopen the case. *Id*. The *Parker* case itself failed because the plaintiffs had not exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (a statutory hurdle put in place in 1996). Judge Murphy observed that after *Lightfoot* was closed, prospective relief related to prison conditions was substantially limited pursuant to 18 U.S.C. § 3626. *Id.*

## Discussion

Inmate Serio's present "Motion to Intervene and to Enforce Court's Order/Decree" (Doc. 2) relies upon the February 1980 notation that the Court was retaining jurisdiction for purposes of implementing the effect and intent of the decree. Plaintiff takes issue with the healthcare service offered by contract provider Wexford

Health Sources, Inc., since 2011. He contends Wexford makes healthcare decisions based on its own economic interests (Doc. 2, pp. 3-5). Space and overcrowding, food service, and the lack of opportunities to exercise are among the other conditions of confinement at issue (Doc. 2, pp. 6-11).

Serio's motion fails for virtually the same reasons intervention was not permitted in *Parker v. Walker*, Case No. 08-cv-130-GPM (S.D. Ill. Order dated Sept. 8, 2008). *Lightfoot* will not be revived because that case was closed 25 years ago and the issues Serio now wants to pursue, although similar, stem from dramatically different facts (*see* Docs. 2, 6, pp. 1-3).

Federal Rule of Civil Procedure 24 provides for intervention by right, and by permission, "on timely motion." Serio asserts that his motion is timely because there will be no delay to the proceedings (Doc. 2, p. 13). He clearly ignores that the proceedings concluded in 1990. He also ignores that he is claiming that the State has been violating the *Lightfoot* consent decree since 2011. Five years after the fact is not "timely." Wexford was not even the healthcare provider in *Lightfoot*.

Because Serio is seeking monetary damages, not just injunctive relief, individual liability is at issue, which distinguishes the present situation from *Lightfoot*.[2] An entirely new round of fact finding will be necessary. *See Doe v. Cook County, Ill.*, 798 F.3d 558 (7th Cir. 2015) (the lack of factual findings in a prior consent decree undermined a subsequent order imposing a new form of injunctive relief). *See also Ruiz*

---

[2] The Eleventh Amendment bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005).

*v. United States*, 243 F.3d 941, 947 (5th Cir. 2001) (relative to a 20 year old consent decree, the Court observed that the 1996 Prison Litigation Reform Act ("PLRA") provision limiting the scope of prospective injunctive relief (18 U.S.C. § 3626(b)(3)) "restricts the court's ability to enter or continue prospective relief unless it expressly finds constitutional violations).

It appears that Serio is attempting to revive *Lightfoot* as a means of circumventing the requirement that he exhaust administrative remedies (42 U.S.C. § 1997e(a)) and pay a filing fee for a new action. He may even be attempting to evade the usual two-year statute of limitations period for filing suit. The retention of jurisdiction by the Court was specifically for purposes of enforcing and implementing the 1980 consent decree, not to supply Serio with an avenue for avoiding restrictions on litigation and remedies prescribed by the PLRA.

The factual findings upon which the decree was based are stale at best. Plaintiff is free to initiate a new civil rights action to, in effect, supersede *Lightfoot*, much like the proposed class action pending in the northern district of Illinois regarding medical care throughout the Illinois Department of Corrections, *Lippert v. Ghosh*, Case No. 10-cv-4603 (N.D. Ill.) (cited by Serio in Doc. 7).

Although the *Lightfoot* case is closed, Illinois has never formally sought to terminate the consent decree pursuant to 18 U.S.C. § 3626. The Court cannot *sua sponte* end the decree. *See Ruiz*, 243 F.3d at 950 (the parties should be given an opportunity to present evidence regarding any existing unconstitutional conditions that are subject to the consent decree); *Jones-El v. Berge,* 374 F.3d 541, 545 (7th Cir. 2004) (a consent decree

can only be terminated via a motion under Section 3626(b), with the parties being given an opportunity to argue the facts and merits). In any event, the case remains closed.

## Disposition

**IT IS HEREBY ORDERED** that Raymond Serio's motion to intervene in this action to enforce the 1980 consent decree (Doc. 2) is **DENIED** in all respects, without prejudice to Serio initiating a new action pertaining to the healthcare and conditions of confinement at Menard Correctional Center. The present case shall remain administratively closed.

**IT IS SO ORDERED.**

DATED:  January 13, 2016

s/ <i>Michael J. Reagan</i><br>
<b>MICHAEL J. REAGAN</b><br>
<b>CHIEF JUDGE</b><br>
<b>UNITED STATES DISTRICT COURT</b>